**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 95-40311
Summary Calendar**

_____

**LEE ANDREW HOLLOWAY,**

**Plaintiff-Appellant,**

**versus**

**KENNETH ARNOLD, CO III,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court
for the Eastern District of Texas
(6:94-810)**

_____

August 7, 1995

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Lee Andrew Holloway, _pro se_ and _in forma pauperis_, appeals the dismissal of his civil rights complaint. We **AFFIRM**.

I.

Pursuant to 42 U.S.C. § 1983, Holloway, a Texas state prisoner, filed a civil rights complaint against Texas Department of Criminal Justice corrections officer Arnold. Holloway alleged in his complaint that in August 1992, Arnold entered his cell,

_____

[1] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

pulled out of his front pocket a "large fingernail clipper ... that had a small knife attached to it", and started waving it in Holloway's face, stating that he "ought" to kill Holloway; that, about a week later, Arnold placed his index finger on Holloway's nose, and then on Holloway's chin, forcing Holloway's head back "with enough force causing pain to the neck area"; and that these two incidents were in retaliation for grievances he and other inmates had filed against Arnold in 1988 for allegedly threatening to kill another inmate. The district court dismissed Holloway's complaint as frivolous, pursuant to 28 U.S.C. § 1915(d).

## II.

A court may dismiss a complaint filed *in forma pauperis* "if satisfied that the action is frivolous or malicious". 28 U.S.C. § 1915(d). Such a complaint is "frivolous" within the meaning of § 1915(d) if "it lacks an arguable basis either in law or in fact". **Neitzke v. Williams**, 490 U.S. 319, 325. We review § 1915(d) dismissals only for abuse of discretion. *E.g.,* **Booker v. Koonce**, 2 F.3d 114, 115 (5th Cir. 1993).

When a prisoner alleges that a prison official has used excessive force in violation of the Eighth Amendment, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm". **Hudson v. McMillian**, 503 U.S. 1, 6-7 (1992). Nevertheless, not "every malevolent touch by a prison guard gives rise to a federal cause of action". **Id**. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishment

necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind". *Id*. at 9-10 (internal quotation marks and citation omitted).

In response to the magistrate judge's order to amend his complaint to describe the harm he suffered as the result of the alleged excessive force, Holloway alleged that he suffered pain, mental stress, humiliation, embarrassment, and discomfort. The physical force allegedly used by Arnold, as well as the injuries Holloway allegedly suffered, are *de minimis* and do not constitute an Eighth Amendment violation. *See **Jackson v. Culbertson***, 984 F.2d 699, 700 (5th Cir. 1993) (although prisoner "need not show a significant injury, he must have suffered at least some injury"; because prisoner suffered no injury, spraying of prisoner with fire extinguisher "was a *de minimis* use of physical force and was not repugnant to the conscience of mankind"); ***Bender v. Brumley***, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (mere threatening language and gestures do not amount to a constitutional violation).

In his amended complaint, Holloway alleged also that the incidents in issue were in retaliation for his filing grievances against Arnold in 1988.[2] However, despite being ordered to state

---

[2] In his appellate brief, Holloway suggests a "racial reason as a possible motive" for Arnold's alleged retaliation, "if not because of the grievances". In his objection to the magistrate judge's recommendation, Holloway asserted that "[t]here can be no reason (except racial) for [Arnold's] actions"; but he did not clarify whether he was referring to the alleged threats or the alleged retaliation. In any event, Holloway's conclusional assertion that Holloway's alleged actions were motivated by racial discrimination is speculative and not supported by sufficient

specific facts in support of his contention, he offered nothing more than this conclusional assertion, and failed to allege any facts which would explain why Arnold's actions were motivated by Holloway's filing of grievances four years earlier.

### III.

Because Holloway's complaint has no arguable basis in law or in fact, the district court did not abuse its discretion by dismissing it pursuant to § 1915(d).  The judgment is, therefore,

**AFFIRMED.**

---

facts.

- 4 -